STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SEBASTIAN RUTA, PLAINTIFF IN ERROR.

Argued October 17, 1933—Decided January 5, 1934.

For the plaintiff in error, *Chandless, Weller & Selser* (*John E. Selser*, of counsel).

For the defendant in error, *George F. Losche*.

· The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment of the Supreme Court affirming a judgment of guilty of the First Criminal Judicial District Court of the county of Bergen.

Sebastian Ruta, the plaintiff in error, was indicted by the Bergen county grand jury for assault and battery upon one Robert McQuaid. He waived trial by jury and the indictment was referred to the judge of the First Criminal Judicial District Court of Bergen county for trial. The judge found Ruta guilty. It appears from the evidence that McQuaid, upon whom the assault and battery was alleged to have been committed, was engaged in the garage business at Hackensack, New Jersey. Plaintiff in error had purchased from McQuaid an automobile under a conditional sale contract and had received possession of the car. McQuaid had accepted notes for the payment of the car, one of which became due each month. Plaintiff in error claimed that he had tendered payments of these notes and demanded the notes and that such demand had been refused. On the day of the alleged assault a constable named Best met the plaintiff in error and had some talk with him about his indebtedness to McQuaid. As a result both the constable and Ruta went to Hackensack. Ruta drove his car and the constable followed in his own car. Ruta talked to McQuaid about the notes and there appeared to be some argument concerning the same. Ruta claimed that McQuaid refused to return the notes when he tendered the payment. However, Ruta got in his own car and was about to drive away when the constable took the ignition key from Ruta's car and went into the garage. Some of the employes of McQuaid towed Ruta's car into the garage and McQuaid claimed that Ruta struck him while this was taking place. Ruta claimed that he attempted to go back into his own car and that McQuaid pulled him out which resulted in the alleged assault.

The first point for reversal argued by the plaintiff in error is that there was no evidence to sustain the conviction. There appears to be sufficient evidence upon which a conviction might be found.

The second point is that the plaintiff in error was in actual possession of the automobile at the time of the alleged assault and battery. This point does not seem to present legal error.

The next points are that the plaintiff in error was justified in using such force as might be necessary or no more force than was necessary to defend himself from attack. Under the evidence we see no legal error in this for the reason that there was evidence to sustain the conviction on this ground.

The next point made is that McQuaid was allowed to testify as to certain contents of the conditional sales contract which he said was recorded in the clerk's office. Ruta had testified that a blank form of conditional sales contract offered was a copy of the contract under which he purchased the car. McQuaid afterward testified, when recalled, that this was not the agreement under which Ruta agreed to purchase the car. He further testified that the conditional sales agreement had been recorded in the clerk's office and that the agreement gave him the right to seize the car. Plaintiff in error's counsel objected to this testimony but the same was allowed to stand on the record. It seems to us that this was not the best evidence and was improperly admitted. The real issue was whether or not McQuaid had properly repossessed the car and whether the car was still in Ruta's possession. If the car was still lawfully in Ruta's possession it seems that he should have the right to resort to as much force as necessary to retain possession thereof. Therefore, the trial court must have relied on the testimony of McQuaid as to his rights to repossess the car under the conditional sales contract and we think that thereby the plaintiff in error was harmed as this was not the best evidence obtainable.

As to the other points raised we see no merit in them.

The judgment under review is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 14.